UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT JACKSON, ) | No. ED CV 05-156-PJW |
| ) | |
| Plaintiff, ) | |
| ) | MEMORANDUM OPINION AND ORDER |
| v. ) | |
| ) | |
| JO ANNE B. BARNHART, Commissioner ) of the Social Security ) Administration, ) | |
| ) | |
| Defendant. ) | |

I.

INTRODUCTION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) and 1383(c)(3), seeking reversal of the decision by Defendant Social Security Administration ("the Agency") denying Supplemental Security Income ("SSI") benefits. Alternatively, he asks the Court to remand the case to the Agency for further proceedings. After reviewing the record and for the reasons discussed below, the Agency's decision is reversed and the case is remanded to the Agency for further proceedings.

II.

SUMMARY OF FACTS AND PROCEEDINGS

Plaintiff was, at the time of the most recent administrative hearing, 50 years old, with a high school education and no transferable skills. (AR 27, 93, 361, 395.) He alleges that he became disabled on August 10, 2000, due to foot problems and a mental disorder.[1] (AR 93-95, 107.) Following denials of his claim at the initial and reconsideration levels, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR 75-78, 81-85.)

Plaintiff's claim was denied by an ALJ on January 11, 2002, following a hearing. (AR 12-16, 25-43.) The Appeals Council denied his request for review and Plaintiff filed suit in this Court. The parties subsequently stipulated to remand the case to the Agency and the Court entered an order sending it back. (AR 403-07.)

A second hearing was held on October 15, 2003, before a different ALJ, who issued a decision on October 30, 2003, again denying Plaintiff's claim for benefits. (AR 357-63, 366-98.) Following the five-step sequential evaluation procedure, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his onset date. (AR 359.) The ALJ listed Plaintiff's severe impairments as plantar warts, heel spurs, and a depressive disorder, none of which met or medically equaled any Listings. (AR 359.) The ALJ concluded that Plaintiff retained the residual functional capacity to perform a "narrowed range of light work" with additional nonexertional

---

[1] Plaintiff had filed numerous prior applications. The most recent was denied by an ALJ on December 21, 1999, and affirmed by the Appeals Council on August 2, 2000. (AR 57-67, 73-74.) Plaintiff did not appeal that denial but chose, instead, to file a new application.

limitations. (AR 362.)  More specifically, he found that Plaintiff could lift and carry ten pounds frequently and 20 pounds occasionally, sit without limitation, and was limited to standing and walking for two hours in an eight-hour period. (AR 360.)  Although the ALJ concluded that Plaintiff could not perform his past relevant work, the ALJ found that there were other jobs existing in significant numbers in the national economy that Plaintiff could perform. (AR 362.)  The Appeals Council denied review, and Plaintiff filed suit in this Court. (AR 349-51.)

## III.

## STANDARD OF REVIEW

"Disability" under the applicable statute is defined as the inability to perform any substantial gainful activity because of "any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 416(i)(1), 1372(a)(3)(A).  The Court may overturn the ALJ's decision that a claimant is not disabled only if the decision is not supported by substantial evidence or is based on legal error. *See Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).

Substantial evidence "'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(quoting *Consol. Edison Co. V. NLRB*, 305 U.S. 197, 229 (1938)).  It is "more than a mere scintilla but less than a preponderance," *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998), and "does not mean a large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

The Court must uphold the ALJ's conclusion even if the evidence in the record is susceptible to more than one rational interpretation. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). Indeed, if the record evidence can reasonably support either affirming or reversing the Agency's decision, this Court must not substitute its judgment for that of the ALJ. *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the ALJ committed error but the error was harmless, reversal is not required. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004) (applying the harmless error standard).

## IV.

## DISCUSSION

Plaintiff contends that the ALJ did not comply with the Court's remand order because he failed to consider the lay witness testimony and all of the medical opinions. For the reasons set forth below, the Court finds that the ALJ did not err in his evaluation of the lay witness testimony, but did fail to properly evaluate the medical opinions. For this reason, remand is required.

A.   <u>The ALJ Adequately Addressed The Lay Testimony</u>

Plaintiff complains that the ALJ did not provide any analysis of his girlfriend's testimony and that this error necessitates remand. The Court disagrees.

An ALJ is required to consider lay witness testimony concerning a claimant's ability to work and cannot disregard the testimony without comment. *See Stout v. Commissioner of Social Security*, 454 F.3d 1050, 1053 (9th Cir. 2006). Lay witness testimony is competent evidence and can only be discounted by the ALJ if he gives reasons that are germane to the witness. *Id.*

In his decision, the ALJ accurately summarized Plaintiff's girlfriend's testimony. (AR 361.) He then analyzed the impact of this testimony on his decision, stating:

> The testimony of [Aundria] Green was credible but subject to the same comment that the asserted limitations would not preclude the performance of the work within the assessed residual functional capacity.

(AR 361.)

Thus, the ALJ did not fail to consider the lay witness testimony. He recognized it, summarized it, and accepted it in reaching his conclusion. For this reason, Plaintiff's exception to the ALJ's decision in this regard is overruled.

B.   The ALJ Erred In Failing To Address Dr. Verde's Opinion

In January 2003, the parties stipulated to remand the case to the Agency to allow the ALJ to "properly evaluate the augmented record, including . . . the opinions of Plaintiff's treating physician." (AR 404.) Thereafter, the Appeals Council entered an order remanding the case to the ALJ, noting:

> The evidentiary record contains an opinion from Edward Verde, M.D. who was the clinical director at the Alcohol Treatment Unit where the claimant had received care which the [ALJ] neither evaluated nor weighed.

(AR 408.)

The Appeals Council directed the ALJ to weigh all of the medical opinion evidence. (AR 409.) The ALJ, however, failed to address Dr. Verde's opinion in his decision. (AR 357-63.) This amounts to error. Dr. Verde was a treating doctor and his opinion must be addressed by the ALJ. *See, e.g., Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.

1995)(holding ALJ must provide specific and legitimate reasons supported by substantial evidence to reject opinion of a treating doctor).  The ALJ's failure to address Dr. Verde's opinion, especially after the Appeals Council highlighted the ALJ's previous oversight, mandates reversal.

    The Agency argues that the ALJ extensively analyzed the opinion of Dr. Rath, the medical expert, and that Dr. Rath had reviewed and analyzed Dr. Verde's work.  (Joint Stipulation at 4.)  The Agency seems to argue that as a result of these circumstances the Court should infer that the ALJ somehow vicariously analyzed Dr. Verde's opinion.  This argument is not persuasive.  The ALJ should have explained how he interpreted Dr. Verde's opinion and what weight he assigned to that opinion.  His failure to do so requires reversal.

C. <u>The ALJ Erred In Failing To Address The Opinion Contained In The "Medical Opinion Re: Ability To Do Work-Related Activities"</u>

    In remanding this case to the ALJ after the Court remanded the case to the Appeals Council, the Appeals Council noted:

> The [ALJ] rejected a medical source's statement that the claimant could stand/walk less than two hours per day and would miss more than three days of work per month because he said it was that of Carol Bock, a nurse practitioner. ([AR] 15.)  However, the signature block is illegible and the signatory identified himself or herself as a physician. ([AR] 295.)  Because it is not possible to identify the person who gave the opinion, the [ALJ's] rejection of it was improper.

(AR 408.)

At the administrative hearing that followed, the ALJ noted the Appeals Council's admonition but then misinterpreted it to mean that the Appeals Council had no problem with the ALJ's analysis of that opinion. (AR 366.) In analyzing the case thereafter, the ALJ did not address the opinion at all. (AR 357-63.)

The ALJ erred in failing to address this opinion. The document purports to be signed by a doctor, presumably a treating doctor, and is relevant, probative evidence that cannot be simply ignored. *See Vincent on behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984)(holding ALJ must explain why significant, probative evidence had been rejected).

The Agency argues that the Appeals Council's remand order is not really before the Court and, therefore, the Court should not consider it when evaluating the soundness of the ALJ's decision. This argument misses the point. The opinion is contained in the record and is purportedly from a doctor. (AR 293-95.) The ALJ ignored it. This amounts to error. *Vincent,* 739 F.2d at 1394-95. The Appeals Council's remand order merely highlights the fact that the ALJ was put on notice about the importance of the opinion and still ignored it, which makes his oversight even more unexplainable.

D.   <u>Remand Not Reversal Is The Appropriate Remedy</u>

The Court recognizes that it has the discretion to remand this case for a third hearing or reverse the Agency's decision and require the Agency to calculate and pay benefits. The Court concludes that remand is the appropriate remedy here, where the Agency's errors can be corrected on remand and there are factual issues that must be fleshed out before a decision can be made. For this reason, the Court will give the Agency one more chance to correct the errors in this

case. On remand, the ALJ should address all of the medical opinions in the record and explain the weight given to each and the reasons why. The Agency should also take a closer look at Plaintiff's residual functional capacity, which appears to more properly fall under a sedentary level, as opposed to a light level with a 50-70% erosion of jobs in that category due to Plaintiff's limitations. Should the ALJ determine that, in fact, Plaintiff is capable of doing light work, it would seem prudent to call a vocational expert to address whether Plaintiff could still find a job despite his inability to perform the full range of light jobs.

V.

CONCLUSION

For all the foregoing reasons, the Court hereby REVERSES and REMANDS this case to the Agency for further proceedings consistent with this opinion.

IT IS SO ORDERED.

Dated:     3/11/07

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Soc Sec\JACKSON, R 156\Memo_Opinion _Ord.wpd

8